This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42180**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RASHAAD MACKEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence, convicting him of two counts of resisting, evading or obstructing an officer. We were unpersuaded by the docketing statement and issued a notice proposing to summarily affirm. Defendant has responded with a memorandum in opposition to our proposed analysis. We remain unpersuaded, and affirm.

**{2}** Defendant raises three issues on appeal: (1) whether there was sufficient evidence to support his convictions [DS 2; MIO 5-9]; (2) whether the district court erred

by resetting the jury trial to allow the State to argue its motion for partial reconsideration and clarification of the district court's order granting Defendant's suppression motion, just days before the trial setting [DS 2; MIO 10-12]; and (3) whether the district court erred by denying his motion to dismiss for violation of speedy trial [DS 2; MIO 12-13].

**{3}** Defendant's docketing statement challenged the sufficiency of the evidence to support a finding that Defendant was under the officers' lawful command. [DS 2] Our notice construed this contention to attack the State's proof that the officer was acting in the lawful discharge of his duties in his attempt to apprehend Defendant. [CN 9-11] Defendant's memorandum in opposition criticizes our notice for not addressing *whether* the officer was attempting to apprehend or arrest Defendant and whether Defendant *knew* that the officer was trying to do so, given that the officer did not explain there was a warrant for Defendant's arrest. [MIO 7-9]

**{4}** Defendant did not specifically challenge the evidence of these matters in his docketing statement, and the proof used to support these matters seems clear. *See State v. Gallegos*, 2009-NMSC-017, ¶ 31, 146 N.M. 88, 206 P.3d 993 (explaining that a defendant is required to identify any specific element or offense being challenged with reference to the relevant evidence on appeal because it is unreasonable to ask an appellate court to perform a blanket review of each element of every offense of which he was convicted; it essentially asks the appellate court to guess at the problem and reweigh the evidence). Nevertheless, we address Defendant's contention. The State presented evidence that the officer instructed Defendant to stop as Defendant was leaving a hotel bar and entering the hotel lobby. [CN 9; DS 5] It appears the officer was in full uniform and displayed his badge. [MIO 7] Defendant continued to walk away and turned to look at the officer. [DS 4-5] The officer grabbed Defendant's upper arm. [DS 5] As Defendant tensed up his arm, the officer told Defendant not to run. [DS 4-5] Defendant jerked his arm free from the officer's grip and ran through the lobby and out of a side door. [DS 5; MIO 7] The officer pursued Defendant outside in the parking lot, unholstered his gun, and commanded Defendant to show his hands. [DS 5] Defendant made eye contact with the officer, continued to run away from the officer, hiding behind trucks, and eventually sped off in a vehicle. [DS 5-6]

**{5}** When the officer eventually located Defendant inside a residence and told Defendant to get on the ground, Defendant again refused. [DS 8] The officer drew his taser and again instructed Defendant to get on the ground. [Id.] Defendant refused to comply and walked away. [Id.] The officer deployed his taser, which struck Defendant's back. [Id.] When the officer attempted to restrain Defendant, Defendant kicked and hit the officer to resist being handcuffed and taken away. [DS 9; 1 RP 197]

**{6}** The officer's actions clearly demonstrated two attempts to apprehend Defendant by force and direct threat of force. Defendant does not refer us to any authority to support the theory that officers must explain the reasons for an attempted apprehension of a person, in order for officers to act within the lawful discharge of their duties. *See State v. Penman*, 2024-NMSC-024, ¶ 3, 562 P.3d 537 ("[A]n officer is lawfully discharging their duties when the officer is performing their official duties, i.e., acting

within the scope of what the officer is employed to do."); *see also id.* ¶ 17 (explaining that even where an arrest is made without probable cause—"i.e., unlawfully"—the arresting officer is acting within the scope of the officer's duties and employment). And, under the specific facts of this case, we do not believe the officer had to inform Defendant why he was attempting to apprehend him in order for Defendant to know that the officer was trying to do so.

**{7}** For the reasons explained above and in our notice, we hold that the evidence was sufficient to support Defendant's two convictions for resisting, obstructing or evading a peace officer.

**{8}** Also in response to our notice, Defendant maintains that the district court erred by hearing the State's motion to reconsider suppression because it was filed improperly late and the late motion to reconsider constituted an end-run around the district court's denial of the State's motion for a continuance. [MIO 10-12] We are not persuaded. As our notice explained, the State's motion was for partial reconsideration and clarification of the district court's suppression order, and was filed pretrial. [CN 1] This is permissible under Rule 5-601(E)(2) NMRA ("A motion to reconsider may be filed at any time before entry of the judgment and sentence."). Further, the State's motion raised valid concerns and prevailed. *See State v. Suskiewich*, 2014-NMSC-040, ¶ 12, 339 P.3d 614 (explaining that motions to reconsider are recognized to be a valuable and efficient tool that allow "lower courts to correct possible errors and thus avoid time-consuming and potentially unnecessary appeals" (internal quotation marks and citation omitted)). There is no indication that the district court understood the State's actions as a display of gamesmanship, and any alleged gamesmanship is not apparent on the record. For the reasons stated above and in the notice, we hold that Defendant has not demonstrated error in the district court's consideration of the State's motion to reconsider.

**{9}** Finally, Defendant maintains that the district court erred by denying his motion to dismiss for violation of his speedy trial right. [MIO 12-13] Defendant contends that this Court's proposed speedy trial analysis erred by proposing to conclude that, even though the first three factors weighed against the State, Defendant was required to show particularized prejudice because those facts did not weigh heavily against the State. [Id.; CN 7-8] We disagree. *See State v. Wood*, 2022-NMCA-009, ¶ 21, 504 P.3d 579 ("In a speedy trial analysis, if any one of the three *Barker* factors does not weigh heavily in favor of a defendant, as is the case here, [the d]efendant must show particularized prejudice in order to prove their speedy trial was violated."). Based on our proposed analysis [CN 4-8], we hold that Defendant has not demonstrated a speedy trial violation.

**{10}** For the reasons discussed above, we affirm Defendant's convictions.

**{11}** **IT IS SO ORDERED**.

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**